## DOOLING v. MOORE.

FILING notice of appeal must precede the filing of the undertaking on appeal, or the appeal will be dismissed.

The dismissal in this case was without prejudice to a second appeal; and if a second appeal should be taken, permission given to use the transcript on file.

Until an appeal is taken by filing the proper notice, the undertaking is of no effect. *Buckholder* v. *Byers* (10 Cal. 481) affirmed.

APPEAL from the County Court of Nevada.

Action commenced November 16th, 1859, in a Justice's Court, upon two promissory notes for one hundred dollars each, dated May 14th, 1859, and drawing interest from date at the rate of three per cent. per month—plaintiff claiming as due three hundred and eighty dollars. The case was tried and plaintiff had judgment. Defendant appealed to the County Court where plaintiff, on the nineteenth of January, 1861, had verdict and judgment for four hundred and sixty-five dollars and costs. Motion for new trial having been overruled on the twenty-fifth of February, defendant, on the twentieth of March, 1861, filed with the Clerk a notice of appeal and served plaintiffs with copy the same day. The undertaking on appeal was filed March 18th, 1861. In the Supreme Court, respondent moved to dismiss the appeal.

*Geo. Cadwalader*, for the motion, cited *Buckholder* v. *Byers*, (10 Cal. 481) to the point that, the undertaking having been filed before the notice of appeal, the appeal must be dismissed.

*McConnell, contra.*

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The appeal in this case is dismissed upon the authority of *Buckholder* v. *Byers* (10 Cal. 481). The dismissal is without prejudice to a second appeal. If a second appeal be taken, the transcript on file can be used with the like effect as if brought up with it.