Dooling v. Moore.

---

## DOOLING v. MOORE.

WHERE an appeal from a judgment of the County Court, rendered on appeal from a Justice's Court, is taken after the lapse of more than ninety days from the rendition of the judgment, the Supreme Court has no jurisdiction of the case.
The Supreme Court cannot enlarge the time fixed by statute for taking an appeal.

APPEAL from the County Court of Nevada.

Motion for rehearing.   The facts are stated in the opinion.

*Jonn R. McConnell*, for Appellant.

*George Cadwallader*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

People *v.* Turner.

The judgment in this case was reversed on the argument. The respondent now moves for a rehearing, alleging that this Court never acquired jurisdiction of the case, the time to appeal having expired before the appeal was taken. Upon the examination of the record, we find the position correct. The appeal is from the judgment of the County Court, rendered on an appeal from a Justice's Court. The judgment was entered on the nineteenth of January, 1861, and the appeal was taken on the eighteenth of November following—more than ninety days afterwards. The statute limits the period within which an appeal may be taken " from a judgment rendered on an appeal from an inferior Court " to ninety days. (Prac. Act, sec. 336, as amended in 1859.) This Court, therefore, had no jurisdiction of the case, and could neither affirm nor reverse the judgment appealed from.

When the appeal in this case was dismissed at the October term, it was without prejudice to a second appeal. (19 Cal. 81.) This reservation was not intended to give any right of which the statute had deprived the appellant. The Court could not enlarge the time for appealing. The reservation was only intended to prevent the dismissal from operating as a bar to a second appeal, if the time prescribed by statute had not expired.

Rehearing granted, but without costs.