HORACE W. CARPENTIER *v.* HENRY WILLIAMSON, SAMUEL WILSON, JOHN WILLIAMS, GEORGE BLOOM, EVERETT BARTHOLOMEW, GUILLERMO PALLEADEW, AND LEWIS M. BEAUDRY.

MORTGAGE—PARTIES TO FORECLOSURE OF.—If the owner of land execute a mortgage on the same, which is duly recorded, and afterwards makes a conveyance of the mortgaged premises to a third party, and the mortgagee, after the conveyance, without actual notice of the deed, and before it is recorded, forecloses his mortgage and obtains a decree for a sale without making the grantee in the deed a party defendant, and before the sale the deed is recorded, the purchaser of the mortgaged premises at the Sheriff's sale under the decree acquires no title.

EVIDENCE—WHEN SHERIFF'S DEED NOT RELEVANT.—In such case the mortgage, decree of sale, and Sheriff's deed, are not relevant testimony to show title in the purchaser at the Sheriff's sale, or out of the mortgagor's grantee, or his assignee.

ERRORS—WHAT REVIEWED ON APPEAL FROM JUDGMENT.—On an appeal from a judgment, errors in the rulings of the Court below, in the progress of the trial, are subject to review when the exceptions are preserved by bill of exceptions, or brought up in a statement on appeal.

WHEN NEW TRIAL, STATEMENT USED ON APPEAL FROM JUDGMENT.—If a statement is made on a motion for a new trial, and an appeal is taken from the judgment under a stipulation that the statement on motion for new trial may be used as the statement on appeal, the statement may be used so far as it presents any question that can be reviewed on appeal from the judgment, but no further.

SEPARATE APPEALS IN SAME ACTION.—An appeal from a judgment, and from an order denying a new trial, may each be prosecuted separately in the same action, or the two appeals may be prosecuted together.

QUITCLAIM DEED—WHAT IT CONVEYS.—An ordinary quitclaim deed in this State

is sufficient to pass any estate the grantor has at the time of its execution, and the grantee can maintain an action to recover the land on it, provided the grantor could have done the same.

REVIEW OF EVIDENCE ON APPEAL FROM JUDGMENT.—On appeal from a judgment, the Supreme Court will look at the evidence so far only as to see the relevancy of the exceptions taken during the trial.

APPEAL from the District Court, Third Judicial District, Alameda County.

. The judgment in this case was rendered July 16th, 1863. A statement on motion for new trial was made and filed, and on the 16th day of November, 1863, an order was made denying a new trial.  On the 4th day of March, 1864, an appeal was taken from the judgment and from the order denying a new trial.  No statement on appeal was made, but the respondents' attorneys stipulated that the statement on motion for a new trial might be also used as the statement on appeal.

The other defendants were in possession as tenants of Williamson.

The Court below found as facts, that on the 31st day of December, 1857, José Domingo Peralta was the owner in fee simple of the land ; that on the 14th day of May, 1858, plaintiff became the owner of an undivided one third of the same, and on the 6th of April, 1860, of an additional undivided one sixth; that on the 1st day of January, 1862, defendants entered upon the land and ousted and ejected plaintiff from the possession of the same ; that defendant Williamson has not and never had any title to or right of possession to the land, or any portion thereof; and that Edson Adams is the owner of, and from December 31st, 1861, has been the owner of the other undivided one half of the land.

The action was commenced October 29th, 1862.  March 18th, 1863, defendants, by leave of the Court, filed an amended answer, setting up title in defendant Williamson to an undivided one half of the land acquired by Peralta's deed, dated January 31st, 1863.

The other facts are stated in the opinion of the Court.

*W. W. Crane, Jr.*, for Appellants.

One tenant in common can only recover the possession of the whole premises as against a trespasser, or, more properly speaking, intruder, who enters without title or color of title; and the defendant Williamson, being neither a trespasser nor an intruder, but deraigning title from Cipriano Thurn, it is immaterial as between himself and plaintiff whether his claim of the title can be successfully assailed by Edson Adams or Jaynes, or not. If this position be incorrect, then the familiar maxim that in ejectment the plaintiff recovers upon the strength of his own title, and not upon the weakness of his adversary's, is reversed, because, while it appears that either Williamson, or Adams, or Jaynes, is entitled to the possession of one half of the demanded premises, and the plaintiff to the other half alone, yet the plaintiff shall have the whole, because Williamson's title is weaker than Adams' or Jaynes'. In short, the rule claimed by plaintiff's counsel permits one tenant in common in an action of ejectment to fish for his co-tenant, and, among several claimants, to ascertain by a judicial determination which is entitled to that position. (*Collier* v. *Corbett*, 15 Cal. 186; *Stark* v. *Barrett*, 15 Cal. 361; *Touchard* v. *Crow*, 20 Cal. 150.)

Fleming's mortgage created merely a lien upon the premises; the fee remained in Thurn. (*Fogarty* v. *Sawyer*, 17 Cal. 592; *Lord* v. *Norris*, 18 Cal. 487; *Dutton* v. *Washauer*, 21 Cal. 609.)

The question then is: What was the effect of Fleming's judgment upon the fee or equity of redemption of Peralta, he never having had his day in Court? It has been three times distinctly adjudicated by the former Supreme Court, that under such circumstances the fee or equity of redemption remains undisturbed. (*Goodenow* v. *Ewer*, 16 Cal. 467.)

In *Boggs* v. *Hargrave*, 16 Cal. 560, the mortgagor had parted with the fee, and the grantee was not made a party to the action.

The Court holds that the equity of redemption was not foreclosed; but the purchaser at the Sheriff's sale could not recover the purchase money, as it appeared that the deed from

the mortgagor was executed before the commencement of the suit, and was recorded before the sale. (*Burton* v. *Lies*, 21 Cal. 87 ; *Watson* v. *Spence*, 30 Wend. 260 ; *Whitney* v. *Higgins*, 10 Cal. 550.)

The deed from Thurn to Peralta was acknowledged July 11th, 1860, and was delivered on that day. (*Wyckoff* v. *Remsen*, 11 Paige, 564.)

The foreclosure suit of *Fleming* v. *Thurn and Adams*, was commenced afterwards, to wit: January 22d, 1861.

The deed from Thurn to Peralta was recorded February 25th, 1861.

From that time it was notice to all subsequent purchasers. Fleming bought at the Sheriff's sale March 11th, 1861, and was a subsequent purchaser with notice ; (*Boggs* v. *Hargrave*, 16 Cal. 560;) and Peralta's deed has priority over such subsequent sale. (*Jackson* v. *Dubois*, 4 John. 216 ; *Jackson* v. *Terry*, 13 John. 471 ; *Jackson* v. *Post*, 9 Cow. 120 ; *Jackson* v. *Post*, 15 Wend. 588 ; *Jackson* v. *Chamberlain*, 8 Wend. 620.)

*Patterson, Wallace & Stow*, for Respondent.

The Court will not consider the sufficiency of the evidence to sustain the findings. (*Lower* v. *Knox*, 10 Cal. 481.)

This seems to us to dispose of the question whether defendant Williamson had title to an undivided moiety or not.

On the trial in the Court below, when plaintiff rested, he had shown title to an undivided half, and defendants appeared to be *wrongdoers*, who had entered (according to the averments of the complaint and the admissions made by the amended answer) October 1st, 1859, *without title and as trespassers.*

Upon that state of facts the rule is well settled, that as against defendants, plaintiff is entitled to recover and be restored to the possession of the whole. (*Clark* v. *Huber*, 20 Cal. 196 ; *Collier* v. *Corbett*, 15 Cal. 183.)

When this action was commenced, defendants had no title ; *neither were they tenants in common with plaintiff at that time nor when they ousted plaintiff in October,* 1859 ; and thus they endeavor to escape plaintiff's recovery of damages and posses-

.sion, by a pretended acquisition of title *pendente lite,* and by amending their answer by now acknowledging that the plaintiff has title to one half, and setting up title in themselves to the other half; an attitude which, in our judgment, does not particularly commend them to the equitable consideration of this Court.

Again : the learned counsel for appellants mistakes respondent's position in saying that he (respondent) " claims the other half, not because he owns it, but because one Edson Adams does, or in the event Adams fails, then because one Jaynes is the owner." We say respondent owns one half, and it follows that he has a right to the possession of the whole, unless defendants show a right to joint possession with plaintiff. Defendants pleaded such right. Plaintiff (by force of sections forty-six and sixty-five of the Practice Act) takes issue upon the plea, and avers that Adams or Jaynes *is entitled* to such joint possession with plaintiff, because the title is in Adams or Jaynes to the one half not owned by plaintiff; that defendants *do not show any right to the possession under Adams or Jaynes,* since it does not lie in the mouths of defendants to say plaintiff cannot recover the whole, because they are trespassers and wrongdoers as between them and Adams and Jaynes. In other words, plaintiff invokes the familiar rule : *Nullus commodum capere potest de injuria sua propria.*


By the Court, SAWYER, J.

We can only consider the questions arising on the appeal from the judgment, for the reason that the appeal from the order denying a new trial was not taken in time. (*Dooling* v. *Moore,* 20 Cal. 141.)

There is a stipulation in the record that the statement " on motion for a new trial may be also used as the statement on. appeal from the judgment." The statement, therefore, may be used, so far as it presents any question that can be reviewed on appeal from the judgment, but no further.

On such appeal, errors in the rulings of the Court below in

Carpentier *v.* Williamson *et als.*

the progress of the trial affecting the judgment are subject to review, when the exceptions are preserved by bill of exceptions, or brought up in a statement on appeal. (*Brown* v. *Tolles*, 7 Cal. 399 ; *Rice* v. *Gashirie*, 13 Cal. 53.)

Plaintiff sues to recover the possession of certain lands. Defendants, by leave of the Court, filed an amended and supplemental answer, in which they allege that, since the commencement of the action, they have become the owners in fee of an undivided half of the premises in controversy, by a conveyance from one José Domingo Peralta, who, at the time of said conveyance was the owner in fee of said undivided half.

On the trial the plaintiff proved title in fee in himself to an undivided half at the time of the entry of defendants, and that one Cipriano Thurn, on the 10th day of July, 1860, before the commencement of this action, held title in fee simple to the remaining half, and then rested.

The defendants then introduced in evidence a deed from said Cipriano Thurn to José Domingo Peralta, dated the 10th, and acknowledged on the 11th of July, 1860, and recorded February 25th, 1861. Also a deed from said José Domingo Peralta and wife to defendant Williamson, dated January 31st, 1863, and then rested. Said deeds conveying three undivided eighths of the premises in question.

The plaintiff, in rebuttal, then gave in evidence a mortgage from said Cipriano Thurn to Wm. B. Fleming, dated July 6, and recorded July 7, 1860 ; also a judgment roll in an action (No. 8,356) in the Twelfth Judicial District for the City and County of San Francisco, to foreclose said mortgage, in which action said Wm. B. Fleming was plaintiff and Cipriano Thurn and one Edson Adams were defendants, whereby it appeared that the complaint in said cause was filed January 22, 1861, and a decree for foreclosure and sale entered February 9, 1861. Also, a notice of *lis pendens* in due form in said suit, filed in the Recorder's office of Alameda County, January 23, 1861. Also, an order of sale in said cause, with the Sheriff's return, showing a sale of the premises to plaintiff, Wm. B. Fleming, March 11, 1861. Also, an assignment of certificate of sale in

said case by Fleming to Edson Adams, with admission that Adams paid the consideration of eight hundred dollars. Also, Sheriff's deed of premises to Adams after expiration of time for redemption. To the introduction of each of said instruments of evidence the defendants in proper time and in due form objected. The objections were severally overruled and defendants excepted.

The first ground of objection is, " that neither the defendants in this action, nor José Domingo Peralta, were parties to said action or judgment, to wit: Case No. 8,356, and are not bound by any of the proceedings therein, and said several documents and papers are not relevant to the issue." These rulings are relied on as error.

If this objection is well founded, the judgment cannot be sustained, for it is manifest from the findings that the evidence must have produced an effect unfavorable to the defendants.

The plaintiff had shown title to one undivided half in himself, and to the other in Thurn. The defendants then showed that three eighths of Thurn's half had been conveyed to defendant Williamson. To meet this phase of the case the plaintiff claimed that Williamson's chain of title had been intercepted before it reached him, and that Thurn's title had passed to Edson Adams; but if Edson Adams' title failed, that then it passed through another line to one Anselm Jaynes. The evidence just recited was introduced to maintain the proposition that Thurn's title had vested in Adams. The action was tried by the Court without a jury, and special findings were filed. The Court found that the title to one undivided half was in plaintiff, and the other half in Adams, and not in Williamson. Of course, if in Adams, it could not be either in Jaynes or Williamson. Having found that Adams, and not Williamson, was the co-tenant of plaintiff, judgment was entered in favor of the plaintiff for the whole of the premises, and not one undivided half, as it would have been had the title to a part been found to be in Williamson. Had the Court found against the title of Adams, we are not authorized by the findings to say whether it would have found in favor of Williamson or

Jaynes.   As the Court found the title to one half to be in Adams, we must presume that the testimony under consideration contributed to that result.   If Adams acquired the title, it was through the proceedings foreclosing Fleming's mortgage, and it will be necessary to consider the effect of the foreclosure on the title of José Domingo Peralta, under which defendants claim.   The order in which the several transactions occurred, as we have already seen, is as follows : Thurn's mortgage to Fleming, bearing date July 6th, was recorded on the 7th.   He deeded to Peralta on the 10th of the same month.   The conveyance to Peralta, therefore, was subject to the mortgage. Fleming commenced his suit to foreclose his mortgage January 22, 1861, without making Peralta a party to the suit.   The decree of foreclosure was entered on the 9th of February, 1861 ; Peralta's deed of July 10th was recorded on the 25th of February, 1861.   The sale under the decree of foreclosure was made by the Sheriff on the 11th of March following to Fleming, the plaintiff in the foreclosure suit ; and Fleming conveyed his interest so purchased to Adams.   At the time of the commencement of the foreclosure suit, then, the title to the land, subject to the mortgage, was in Peralta, although his deed was not on record.   His title was good as to all the world except a party deriving title from Thurn for a valuable consideration without actual notice.   It has been settled by repeated decisions of the late Supreme Court, that the title of the grantee of mortgaged premises is not affected by a foreclosure of the mortgage in a suit commenced after the conveyance by the mortgagor unless the grantee is made a party to the suit. (*Goodenow* v. *Ewer*, 16 Cal. 467 ; *Boggs* v. *Hargrave*, Ib. 560; *Burton* v. *Lies*, 21 Cal. 88 ; *Fogarty* v. *Sawyer*, 17 Cal. 592 ; *Lord* v. *Morris*, 18 Cal. 482 ; *Dutton* v. *Warschauer*, 21 Cal. 610.)

Peralta, not having been made a party to the foreclosure suit, his title was not affected by the foreclosure and sale, unless Fleming and his grantee, Adams, can be regarded as purchasers for a valuable consideration, without notice, under the Act relating to the record of conveyances ; and we do not

see how they can be so regarded.   At the time of the entry
of·the decree, it is true, Peralta's deed was not on record;
but he had acquired his title long before the suit was com-
menced.   He got nothing after the commencement of the suit
that he did not have before.   He merely put his deed on
record; and this was done before any sale under the decree
had taken place.   Fleming parted with nothing on the faith
of the record.   He was not a purchaser till the sale.   At the
moment of the sale he was no worse and no better off than
when he took his first mortgage.   No consideration had as yet
moved from him, and when the sale took place Peralta's deed
was on record and all the world had notice.   Fleming
purchased with his eyes open, and he got nothing.   When
Peralta's deed was put upon record, Fleming, if he had
no knowledge of it before, should then have opened his decree
and taken the proper proceedings to make Peralta a party, or·
should have proceeded in some other appropriate manner to
foreclose the mortgage upon Peralta's interest before proceed-
ing to a sale.   Adams of course purchased from Fleming with
notice, and is in no better position than he.

Under this view of the case the defendants were not barred,
or in any way affected by the said several documents and pro-
ceedings introduced in evidence under objection and exception,
and they were irrelevant to the issues for that reason.   Their
admission in evidence was therefore error, and as the finding
of title in Adams must necessarily have been affected by this
testimony, it follows that the judgment must be modified as
hereinafter indicated, or reversed and a new trial had.   We
have not overlooked the fact, that, in deciding the motion for
a new trial at a subsequent term, the learned Judge who tried
the cause came to the conclusion that he had committed an
error in finding that the title had passed to Adams by virtue
of the foreclosure proceedings, but still denied a new trial on
the ground that the testimony would have justified him in
finding the title in Jaynes.   The judgment is based on the
finding as it was made at the time of the trial, and the title is
affirmatively found to be in Adams and not in Jaynes.   We

cannot substitute for it a different state of facts appearing in the opinion of the Court, rendered at a subsequent term, in deciding the motion for a new trial.

The Court find title to an undivided half of the premises in controversy in plaintiff, and he was entitled to recover to that extent. The record furnishes the data necessary to enable the Court to modify the judgment.

It is therefore ordered that the plaintiff have fifteen days in which to file his written consent that the judgment be modified in accordance with the views expressed in this opinion, and upon filing such written consent, that an order be entered directing the Court below to so modify its judgment that the plaintiff recover an undivided half of the premises in controversy, together with the entire amount of damages found by the Court and the costs of the Court below. In default of filing such written consent, it is ordered that judgment be entered reversing the judgment and ordering a new trial. It is further ordered that the appellant recover his costs of appeal.

Mr. Justice SHAFTER, having been of counsel, did not sit on the hearing of this case.

Upon petition for rehearing the Court delivered the following opinion.

By the Court, SAWYER, J.

Counsel for respondent acquiesce in "the law as declared in the opinion of the Court," but think the opinion based on a misapprehension of the facts, and ask a rehearing.

Plaintiff proved title to an undivided half in himself, and to the other half in Thurn. Thurn mortgaged his half to Fleming, and then quitclaimed three undivided eighths only to Peralta, leaving one eighth in himself. The first misapprehension is supposed to consist in overlooking the fact that one eighth remained in Thurn, and that the foreclosure as to that eighth was valid without making Peralta a party. And it is

said that the record in the foreclosure suit was relevant for the purpose of showing that the title to one eighth passed to Adams under the decree and sale in that suit, and that it was offered for the purpose of deraigning title to that eighth to Adams. There is, however, no such limitation as to the purpose for which the record was introduced, shown by the record. But the fact that the one eighth remaining in Thurn had passed to Adams was itself irrelevant to any issue in the case, consequently any testimony tending to prove that fact alone was irrelevant.

The material fact to show was, that the title to the three eighths, which had *prima facie* been shown to have passed to Peralta, and through him to Williamson, had been intercepted before it reached Williamson and passed to Adams or somebody else—it matters not to whom—and not to show what became of the one eighth to which Williamson had shown no apparent title. It was not necessary for the plaintiff to prove that Williamson did not own *one half*. That was an issue presented by defendant, and it devolved upon him to make a *prima facie* case, and not to the plaintiff to negative it. He had only given testimony tending to prove that he had acquired three eighths. It could only be relevant to show that these three eighths had passed to some other party. It did not matter whether the other eighth remained in Thurn, or passed to Adams, or to some other person. It was just as available to the plaintiff as a weapon of offense or defense remaining in Thurn, as if it had passed to Adams. It was enough for the plaintiff's purposes that defendant had shown no title to it in himself.

All the other points arising on this appeal argued in the petition, except the eighth and tenth, are but modifications of the same point, or are disposed of upon the same principles, and, so far as they are deemed to require notice, we shall consider them together.

It is supposed that the Court gave too little weight to the eleventh and twelfth findings, to the effect that Williamson and his co-defendants had no right or title whatever, etc.; and

too much prominence to the finding that the title to one half was in Adams, which last finding, it is contended, is mere surplusage, and ought not to be considered at all.

The counsel are, we think, mistaken in this supposition also. We only considered the affirmative finding in favor of Adams in its relation to the finding against defendants, and to the evidence admitted under exception tending to support those findings. And it is difficult to separate them. The Court having found title to one half in plaintiff, and to the other half in Adams, the finding that the defendants had no title necessarily followed, for the title to the same half could not by any possibility be in Adams and in defendant at the same time. But concede, as plaintiff contends, the finding as to Adams to be surplusage—that it is out of the record—that the findings against defendants only remain, and the condition of the plaintiff is no better.

The question then stands thus : The plaintiff proves title to one undivided half in himself, and to the other half in Thurn, and rests. He has made a *prima facie* case. The defendants then, to maintain the affirmative of the issues presented by them, introduce deeds apparently deraigning title to them from Thurn to three eighths. This is sufficient to protect their possession to the extent of three undivided eighths. The plaintiff must now rebut the defendants' proofs, and the only evidence that can have any possible relevancy to the issue is testimony to show that defendants never acquired those three undivided eighths, or if they did, that they had subsequently passed from defendants to somebody else. The title to those particular three eighths is now the only issue. On this issue the plaintiff offered the mortgage of Thurn to Fleming, and the proceedings of foreclosure, sale, etc., under it. If these proceedings were binding upon Peralta, they were relevant, because in that event the title was intercepted before it reached Williamson and nothing passed to him, and his evidence of title to the three eighths would be successfully overthrown. But if Peralta was not bound by the foreclosure, then his title was not affected, and the proceedings were

irrelevant to the issue, because they did not prove, or tend in' the slightest degree to prove, that the title to the three eighths did not pass to Williamson. The Court held them to be relevant, and as there cannot be the slightest pretense that they were relevant for any other purpose whatever, the Court must necessarily have held the proceedings to be valid and to cut off the equity of redemption in Peralta. Having admitted the testimony against the objection and exception of the defendants, we must presume that the Court considered it and gave it weight. And giving it its proper weight as relevant to the issue, the Court necessarily found the eleventh and twelfth issues against the defendants, that they did not have and never did have any title to or right of possession in the land, etc. Any other finding would have been manifestly contrary to this evidence. It is true the Court might have disregarded this evidence entirely, and there might have been other testimony about which we know nothing, amply sufficient to sustain the finding. But here is testimony erroneously admitted, which, if considered at all, was sufficient of itself to sustain the finding on that point, and we are bound to presume that it was considered, for its effect as evidence was necessarily passed upon in the ruling upon its admissibility.

We held that the foreclosure proceedings did not affect the title of Peralta, who was not a party to the suit, and in the law thus laid down the counsel for respondents " cheerfully acquiesce." This point being admitted, it is clear to our minds, from the considerations just presented, that the record of those proceedings was irrelevant and inadmissible. If this judgment can be supported with such an error in the admission of testimony in the record, it would, in our judgment, be difficult to find a case where a judgment should be reversed for error in admitting irrelevant and improper testimony. The adoption of the rule insisted on by respondent in this case would certainly relieve counsel from a great deal of labor in taking objections and exceptions in the trial of cases, and the Court from further labor and perplexity in reviewing

them. There may have been, it is true, sufficient testimony to sustain the finding without the objectionable evidence. We do not know what other evidence was introduced. But there was error; "and the rule is that every error is *prima facie* an injury to the party against whom it is made; and it rests with the other party clearly to show, not that probably no hurt was done, but that none could have been, or was done by the error." (*Jackson* v. *Feather River Water Company*, 14 Cal. 25.) There is nothing before us which shows that no injury was, or that none could have been done.

Counsel are mistaken in supposing that " unless that issue (the issue as to title) was affirmatively found in favor of the appellants the judgment was not erroneous," because a negative finding on that point, or a failure to find affirmatively, may have been based upon testimony erroneously admitted, and in such case the judgment would be erroneous for the reason that the finding which supports it rests upon improper evidence.

The respondents now insist that the Court cannot consider on this appeal the error relied on, for the reason that the appellant assigned the same error in a motion for a new trial which was decided against him, and not having appealed from the order denying a new trial, he is concluded by that ruling. We think there is no force in this objection. An error of law in admitting or rejecting testimony is subject to be reviewed on appeal from the judgment when the ruling is made a part of the record by a bill of exceptions, or by a statement on appeal. It is true the same error may also be reviewed on appeal from an order denying a new trial. But the two modes are independent of each other. The appeal from the judgment does not depend upon the motion for new trial. The latter proceeding is subsequent to the judgment. An appeal from the judgment may be taken without waiting for the determination of a motion for new trial, or the two appeals may be, and usually are, prosecuted together. As to those errors which may be reviewed on either appeal, the remedy is

concurrent, and the party may pursue either appeal and abandon the other. The late Supreme Court recognized this doctrine in several instances. (*Hastings* v. *Halleck*, 13 Cal. 207 ; *Towdy* v. *Ellis*, 22 Cal. 659.) The cases cited go beyond the requirements of the case now under consideration, for in this case the parties stipulated that the statement in the record "may be also used as the statement on appeal from the judgment," and the statement distinctly presents the error and sufficient testimony to give it point.

The counsel are right in assuming that none of the evidence is before this Court, except so far as is necessary to point the exception taken by defendant to the ruling of the Court in admitting testimony. And we did not in the former opinion, nor have we in this, considered the testimony, except so far as the tendency of the evidence to prove the issues served to illustrate the bearing of the supposed erroneous ruling upon the finding and judgment. Nor did we, as seems to be supposed, refer in our opinion to the opinion of the District Judge on the motion for new trial to aid our decision. It was referred to simply to show that conceding it to be before us, we had not overlooked that portion of the record, and that our reasoning was not obviated by anything appearing in that opinion.

The last point made, is, that Peralta took nothing from Thurn because his deed was only a technical quitclaim deed ; and as Peralta had no estate before upon which the quitclaim deed could operate, nothing passed by it. An ordinary quitclaim deed, in this State, is sufficient to pass any estate the grantor has at the time of the execution of the deed. An action to recover the land can be maintained upon it, provided the grantor could have maintained the action. (*Sullivan* v. *Davis*, 4 Cal. 291 ; *Downer* v. *Smith*, 24 Cal. 114 ; see also *Northrop* v. *Wright*, 7 Hill, 489.)

An elaborate argument and petition for rehearing has also been filed on behalf of Edson Adams. We have searched the record in vain to find any party to the suit by that name. Adams was a witness, but he has no standing in Court which

entitles him to be heard. We have, however, examined the argument, to see if it contained any suggestions worthy of consideration. We find no point, which could be considered on appeal from the judgment, not presented in respondent's petition and argument. The other questions discussed in Adams' petition relate to the evidence and facts of the case, which could only be considered on appeal from the order denying a new trial, and the appeal from that order is not before us.

After a careful consideration of the petition for rehearing, we are unable to perceive that any fact was misapprehended by us in our former opinion, or any principle of law misapplied.

The further examination of the case by the light of the argument in the petition for rehearing confirms us in the opinion that our former decision is correct.

Rehearing denied, and ordered that respondent have five days after filing this opinion to file stipulation mentioned in former order.