ROBERT ROBITAILLE *v.* P. S. FURGUSON, Sh'ff, &c.

*Error from Wyandotte County.*

Appeal from a justice to the district court dismissed, where notice of the filing of the transcript of appeal was not served on the appellee within five days thereafter, as prescribed by rule 15 of Supreme Court, made pursuant to ¿ 612, Civ. Code;
*Held,* that said rule is still in force.

The facts are stated in the subjoined opinion.

*D. B. Hadley,* for plaintiff in error.

*Clough & Wheat,* for defendant in error.

*Hadley* submitted:

1. Though the rule required the filing of a petition by plaintiff below, in all cases, on an appeal from justice's to district court, yet the law of Feb. 26th, A. D. 1867 (*L.* '67, *p.* 78, § 9), dispensed with the necessity of pleading in district court, on appeal, when the amount claimed was $100 or less; and this statutory provision dispensed with the necessity of notice of filing of the transcript in such cases.

2. When the statute prescribes the manner of proceeding in certain cases, and when that statutory method is pursued, a provision of a rule of the Supreme Court cannot prevent the party from availing himself of the results of following the statute.

*Clough & Wheat* submitted :

Rule 15 is in force ; it is not unreasonable, and it has, in this case, been enforced in the only way to cause it to be respected ; and the common practice has been to dismiss appeals, when the notice is not given in time, ever since the rule was published.

But, even if the court did not give a sufficient reason for dismissing the appeal, still, if it did as it should have done, in dismissing it it is immaterial whether it gave the right or a sufficient, reason for its action or not.   *McCrary* v. *Cockrill,* 3 *Kas.,* 37.

*By the Court,* SAFFORD, J.

This is a proceeding in error, brought to reverse an order of the district court of Wyandotte county, dismissing an appeal taken by the plaintiff in error, from a judgment of a justice of the peace, because notice of such appeal had not been given, as required by the fifteenth rule, made and adopted by this court, under and by virtue of § 612 of the code.    That portion of said rule 15 having reference to the point raised in this case, reads as follows :    "In cases of appeal from a judgment of a justice of the peace, or mayor or recorder of a city or village, the appellant shall, within five days after the filing of the transcript of appeal in the district court, serve upon the appellee or appellees, his or their agent or attorney, notice in writing of the filing thereof."    This language is certainly very explicit, and easy to be understood ; and moreover, *the task* of giving timely notice of their appeal, here imposed upon appellants is, as it seems to us, entirely reasonable and proper, and calculated to promote justice.

We are of the opinion, also, that this requirement has not been in any way affected or changed by any action of the legislature, since its adoption, and that it is therefore in full force and effect, as a rule by which the courts of the state are bound. We think, therefore, that inasmuch as the appellant in this case in the district court, had failed to comply with this plain requirement of rule 15, in regard to giving notice of his appeal, or to give such notice within any reasonable time, the action of said court in the premises was justifiable and proper, and should be affirmed.

All the justices concurring.