JOHN DOOLEY V. JAMES J. FOSTER, *et al.*

## *Error from Leavenworth County.*

Dooley appealed from a judgment of a justice of the peace to the district court. The justice left the transcript papers with the clerk more than five days before next term of the district court, and the clerk marked them filed the same day. On the first day of the term Dooley moved the court for leave to withdraw the transcript and papers and refile them, and supported his motion by his own affidavit, which states in substance that while he authorized the justice to leave the transcript and papers with the clerk for the convenience of his counsel, yet that he did not authorize the justice to file them; that they were filed without his consent or knowledge, and that he did not know that they had been filed until two days before the first day of the term. The court overruled his motion, and then, on motion of Foster and Small dismissed his appeal for the reason that he had not given any notice to them, and rendered judgment for costs against him.

1. DISMISSAL OF APPEAL.—*Held*: That said dismissal and judgment are erroneous,

2. ID.—After said dismissal and judgment, and on the second day of the term, Dooley filed another transcript, which, on motion of Foster and Small, the court struck from the files and rendered another judgment for costs against him. *Held*, That this is also erroneous.*

The opinion of the court contains a full statement of the facts of the case.

*F. P. Fitzwilliam*, for plaintiff in error.

*Green & Foster*, for defendants in error.

---

*From the opinion of VALENTINE, J., giving his reasons for the conclusion to which the court arrived, the following notes are made.

1. APPEAL: DISMISSAL OF:—Semble, the first transcript having been filed without authority, there was no case in the district court, and for it to render judgment of dismissal was error.

2. ID: FILING TRANSCRIPT.—And it seems, this being so, there was no reason left why the appellant should not have the right to file another transcript.

3. EVIDENCE: AFFIDAVIT.—It seems the affidavit of appellant, accompanying his motion for leave to withdraw the transcript, was evidence.

4. RULE 15 SUPREME COURT: APPEARANCE.—The notice of appeal, acquired by Rule 15 Supreme Court, 1865, [4 Kas., 557,] is not to give to the district court jurisdiction; and failure to comply therewith should not be governed by the rigid and inflexible rule applicable to notices of a jurisdictional nature; and it seems when the appellee appears in the case within a reasonable time after the appeal, the appeal should not be dismissed for want of such notice.

5. RULES FOR DISTRICT COURT, VOID:—Semble, the rules of the Supreme Court purporting to regulate proceedings in the district courts are without authority and void.

*Fitzwilliam*, for plaintiff, submitted the following:

1. The motion to withdraw the transcript, refile the same, and to redocket the case should have been sustained.

*a*) The motion was made at the earliest opportunity, being on the first day of the March term of court, and before the statutory time for perfecting the appeal had expired, and before the motion to dismiss the appeal for want of notice thereof had been interposed.

*b*) The affidavit shows that Dooley exercised all the diligence and precaution to preserve his right of appeal in the case, that should have been required by the court below.

2. *a*) Section ten, article three, state constitution, provides for appeal from justices' courts.

Sections 120, 121, 122 123, 124, civil procedure, general statutes, 800, designates when and how an appeal from final judgment may be taken.

*b*) The legislature having there provided in what manner the appeal may be taken, and having provided in what manner the action shall be proceeded with, we claim that rule fifteen of the Supreme Court is unauthorized and without the power of the judiciary, and is, therefore, void and cannot be enforced so as to take away the rights of parties.

3. *a*) Even if notice in the case was required and that such requirement was valid, yet the defendants waived their right to make their motion to dismiss the appeal for want of notice by appearing and arguing plaintiff's motion to redocket the case, etc.

*b*) "An appearance by the appellee in the Supreme Court to an appeal from a court of probate is a waiver of the want of a citation to the appellee, or of an irregu-

larity in its service." 7 *Rhode Island*, 581; 7 *How.*, *U. S.*, 605, 608; 2 *Kas.*, 410; 18 *Wis.*, 477; 3 *Grant Penna.*, 81; 1 *Oregon*, 341; 19 *Ind.*, 404; 21 *Cal.*, 51; 14 *Wis.*, 222, 483; 4 *Geo. Tenn.*, 382, 297, 439, 441; 2 *Duv.*, 387.

4.   Again, as to the propriety of the court considering the affidavit of Dooley in support of his motion, as well as to the effect of the appearance of defendants in error to argue the motion, see 1 *Kas.*, 390, 391; 2 *Kas.*, 333, 410.

5.   *a*)   Conceding that the action of the court was right in the former case, and conceding that rule fifteenth, Supreme Court, is authorized by law and valid, we claim that the district court erred in granting the motion to strike the transcript from the files for the reason that the appeal was perfected within time and in compliance with the statutes and rule of court, and the case was then properly docketed.   6 *Ohio*, 43.

*b*)   A party has (if he desires to incur the cost thereof) the right to file as many transcripts in the same case as he may choose until the appeal is perfected.   It is no bar to an appeal when taken within the time prescribed by the statute that a prior ineffectual appeal has been undertaken by the appellant.   14 *Abb. Pr. R.*, 368; 38 *Barb.*, 238; 5 *Cal.*, 155.

*c*)   If within the time fixed by statute the appellant perfects his appeal, it will stand upon the same principle that when an action has been brought in the district court it may be dismissed, but this fact alone is no bar to the right to renew the action.

*Green & Foster*, submitted, for defendants:

1.   The statute provides that on or before the second day of the term the transcript and papers in the case

shall be delivered to the clerk of the court to which the appeal is taken; and the transcript may be delivered by the appellant or his agent. *Gen. Stat.*, 800, § 122.

2. The second day of the term is the last day upon which the transcript and papers shall be delivered to the clerk; but their delivery upon any one day preceding the second day is good. In this case they were delivered to the clerk on a day preceding the second day of the term by the justice acting at the request of and as the agent of the appellant. And that the justice may act as agent of the appellant in lodging transcript with clerk of district court. *Bush v. Doy,* 1 *Kas. R.,* 86.

3. Section 123 [*Gen. Stat.,* 801] makes it the imperative duty of the clerk on receiving the transcript to file the same and docket the appeal. There was no discretion, the clerk was bound to file the same and docket the appeal. If, however, this court should be of opinion that Dooley's affidavit was a sufficient showing to have entitled him to a withdrawal and refiling of the papers, and that the district court erred in not sustaining his motion, it is respectfully submitted that the district court should not have allowed the affidavit to be used without notice whereby the opposite party was prevented from making their showing to the contrary. *Gen. Stat.,* 734, § 534.

4. It is admitted that no notice of the filing of the transcript was given as required by rule of Supreme Court, No. 15, recognized by this court as being still in force in the case of Robitaille v. Ferguson [4 *Kas. R.,* 556.] And without such notice the appeal was properly dismissed, as decided by this court in case above cited.

5. We find no provision anywhere authorizing the withdrawing of papers filed in cases of appeal, and the most that can be claimed by the plaintiff in error is that

it was within the discretion of the court to allow it to be done; and the order of the court in the exercise of its discretion in overruling the motion to withdraw and refile is not properly reviewable on error in this court.

6.   The statutes authorize but one appeal, and expressly provide that when an appeal, taken to the district court, shall there be quashed by reason of any irregularity in taking or consummating the same, the cause for quashing shall be stated in the order of the court, and transcript of such order filed with the justice; and that, thereupon, execution shall issue in the same manner as if no appeal had been taken.   *Gen. Stat.*, 802.

7.   It is further submitted that in order to the perfecting of an appeal it is as essential that the original papers in the case should be filed as that the transcript be filed.   So would it have been impossible for plaintiff in error to have perfected his second appeal; for the original papers were already on file in the district court in another case and that disposed of by dismissal.

*By the Court,* VALENTINE, J.

These two cases are brought in this court for the purpose of reversing two judgments rendered in the same case in the district court.   As the facts in the two cases are nearly all the same, and as the questions of law involved are similar, and as both cases are brought into this court at the same time, we shall for convenience consider both cases at the same time.

On the 26th day of December, A. D. 1868, Foster and Small obtained a judgment in a justices' court against Dooley.

On the 28th day of December, A. D. 1868, Dooley

filed his appeal bond with the justice for an appeal to the district court.

On the 17th day of February, A. D. 1869, the justice left the transcript and other papers in the case with the clerk of the district court; and the clerk filed them in his office on the same day, and entered the case on the appearance docket.

On the 1st day of March, A. D. 1869, it being the first day of the term of the district court next following the appeal, Dooley moved the court for leave to withdraw the transcript and papers in the case, and for leave to refile the same of that date, and to redocket the case, which motion the court overruled. Afterwards, but on the same day, Foster and Small moved the court to dismiss the appeal for want of notice of such appeal to them, which motion the court sustained, and rendered judgment for Foster and Small, and against Dooley.

On the 2d day of March, A. D. 1869, Dooley filed another transcript of the case, and gave Foster and Small notice thereof on the same day.

On the 3d day of March, A. D. 1869, Foster and Small moved the court to strike this second transcript from the files, which motion the court sustained, and rendered another judgment in favor of Foster and Small, and against Dooley.

Upon Dooley's motion for leave to withdraw and refile the transcript, and to redocket the cause, he filed an affidavit in evidence, stating in substance, that while he authorized the justice of the peace to take the transcript and other papers to the clerk of the district court, and leave them there for the convenience of his counsel, yet that he did not authorize said justice to file them; that the transcript was filed without his consent or

knowledge, and that he did not know that it had been
filed until the 27th day of February, A. D. 1869.

APPEAL: Dismis-     It will readily be seen that this case differs so
sal of.     widely from the case of Robitaille v. Fergu-
son, [4 *Kas.*, 556,] that that case can have but little if
any application to this.   The court, in deciding this case,
do not question the correctness of the decision in that
case; and yet in that case the dismissal of the appeal
and the judgment of the district court were sustained,
while in this case such dismissal, and both the judgments
of the district court, must be reversed.

In the decision of this case all the members of the
court concur, but we differ so much upon the reasons for
such decision, that I shall not attempt to give the reasons
of the court, but will give some of my own reasons only.

Whether it was proper or improper for the court
below to allow Dooley's affidavit to be read in evidence,
I shall not discuss; and what should have been the de-
cision of the district court thereon, I shall not attempt to
decide.   Whether, after admitting said affidavit in evi-
dence, the court considered the same, I think is very
doubtful; for if the court did consider the same, I am at
a loss to know upon what grounds the court based its
decision.   If the affidavit was proper evidence and true,
(and there was no evidence to controvert it,) the court
certainly erred in its decision—the court attempted to
dismiss an appeal when there was no appeal in the dis-
trict court to be dismissed.   The filing of the first tran-
script, not having been done by Dooley, or by his
authority,—and refused to allow Dooley to file his own
transcript, for the reason, I suppose, that it had pre-
viously been marked filed, although without authority.
The court struck from the files the second transcript,
which was the only transcript that Dooley filed in the

case, and which was filed within the time prescribed by law, and rendered two judgments against Dooley, although he was guilty of no laches, nor of any wrong. Without deciding the point, I must say that I think the affidavit was properly admitted in evidence, and if the plaintiffs below had desired to file counter-affidavits, it would have been proper for the court to have given them time to do so.

But, aside from the affidavit, was the decision of the court below correct? What had Dooley done, or omitted to do, that he should forfeit his right to an appeal? that he should forfeit his right to be heard in the district court? That he complied with every requirement of law, and fulfilled to the very letter every provision of the statute, in taking his appeal, no one has or will venture to controvert; or that the court had any authority, under the *law*, to dismiss the appeal, no one will contend.

In: Supreme Ct., Rule 15.
But there is a rule of the Supreme Court, [*No. 15, adopted at the January term*, 1865; 3 *Kas. Rep.; 4 Kas.*, 557,] with which it is claimed Dooley did not comply, and under which the district court dismissed the appeal and refused to allow the appellant to file another transcript.

This rule requires that " the appellant shall, within five days after the filing of the transcript of appeal in the district court, serve upon the appellee or appellees, his or their agent or attorney, notice in writing of the filing thereof."

This rule is undoubtedly broad enough in its language to bear the construction placed upon it in the court below; and such possibly would be the natural construction if it did not violate the law and lead to absurdity, injustice and wrong; but as I think it will bear another construc-

tion, more reasonable and just, I think it is our duty to adopt the latter.

*Id; Waiver of Notice.* The notice required by this rule cannot be required for the purpose of giving the court jurisdiction, for the court already has as complete jurisdiction over both the parties and the subject matter of the suit, and as ample authority to hear and determine the case, without the notice as with. [*Tarleston v. Brily*, 3 *Kas.*, 436.] It can be required only for the purpose of giving *actual* notice to the appellee of a fact of which the law conclusively presumes that he already has *constructive* notice. Failures to comply with the rule in this respect should therefore, in my opinion, not be governed by the rigid and inflexible rules relating to summonses, and to notices which are required for the purpose of giving the court jurisdiction. It therefore seems to me that whenever the appellee appears in the case (if within a reasonable time after the appeal is taken, as in this case,) so that the court can see that he not only has constructive notice of the appeal, but also has actual notice thereof, so that the court can see that he has all that this precautionary rule requires that he should have, it would be an abuse of justice to dismiss the appeal for want of notice. The rule itself does not require that the court should dismiss the appeal. It at most only permits the court to do so. , § 7, *R. I.*, 581; 6 *Howard, U. S.*, 605, 608, *and other cases cited in plaintiff in error's brief with reference to this point and waiver of notice.*

According to the construction put upon this rule in the court below, if a party appeal from a justice of the peace and file his transcript six months before the next term of the district court (and in nearly all the counties the terms of the district court are held six months apart) and gives notice to the adverse party six days thereafter,

instead of within five days thereafter, as the rule directs, his appeal is worthless and must be dismissed, and he sent remediless from the courts of justice. But if said party is tardy,—if he waits six months,—if he does not file his transcript until the second day of the next term of court (which is the last day he has under the law for filing it) and does not give notice to the other party until five days thereafter, his appeal is all right, and he may rightfully demand a hearing. *Vigilantibus et non dormientibus leges subserviunt!* What a strange application of this maxim. The dismissal of an appeal, in a case like the one at bar, is substantially a punishment to the appellant for being prompt in filing his transcript, for the appellee actually received the proper notice of the appeal five days before he would have been entitled to receive it under the rule, had the appellant stood upon his legal rights, and not filed the transcript until the second day of the next term of the court. It scarcely seems reasonable that the man who complies with the law promptly should be placed in a worse condition than the man who complies with the law tardily; and it scarcely seems reasonable that the appellee, who receives notice from the prompt man on the second day of court, should have a right to dismiss his adversary's appeal, while the appellee, who receives notice from the tardy man on the fifth day after said second day of court, should have no such right. Who can presume the Supreme Court ever intended such a foolish thing? If courts should construe the acts of the legislature with such rigidity and harshness,—if courts should always construe such acts according to their literal import,—they would often make the legislature say very foolish things. In the haste of legislation laws frequently come from the legislature crude, imperfect, and unfortunately worded. It then becomes

the duty of the courts to ascertain the intention of the legislature, and by a liberal construction try to carry out that intention; and when the Supreme Court takes the place of the legislature,—when the Supreme Court becomes the law-giver,—why should we not extend some of that leniency and liberality to them, in construing their acts, that we do to the legislature under the same circumstances?

It would be a more liberal, if not a more reasonable construction, to say that whenever a party files his transcript at any time before the second day of the next term of court, the filing shall be considered a continuing filing, from that day up to the said second day of the next term, so that the said party may give the other party the required notice at any time within five days after said second day of the next term; and it would certainly be a more liberal, as well as more reasonable construction, to say that the appellant may file as many transcripts, up to the said second day of the next term, and give to the other party as many notices thereof, up to the fifth day thereafter, as he chooses, until his appeal is *perfected in every respect*, he of course paying all extra costs. *Martineey v. Galvedo,* 5 *Cal.,* 155; *Kelsey v. Campbell,* 38 *Barb.,* 238; 14 *Abb. Pr.,* 368; *Langley v. Warner,* 1 *N. Y.,* 607; 15 *Cal.,* 324; 19 *Cal.,* 81.

RULES FOR DIS-
TRICT COURTS.   In justice to myself, I must say that I have never believed that any of the Supreme Court rules made for the district court alone have ever had any valid existence. They were void in their inception, and are void still. Some of them, it is true, are open to fewer objections than others, but every one of them is open to a sufficient number of objections to invalidate the same. The question of their validity, however, would open so wide a field of investigation, that I have

purposely avoided discussing it. I shall continue to avoid such discussion as long as I can agree with the court upon my own theory, as well as upon theirs, as long as it makes no difference in the decision of the case, whether we consider the rules as valid or invalid. Therefore, in this case, and in the case of Thompson v. The State, [*Ante, p.* 159,] I have not questioned the validity of said rules.

Judgment reversed and cause remanded for further proceedings.

All the justices concurring.