[No. 9021.    Department Two. — June 30, 1891.]

WILLIAM RAYNER ET AL., RESPONDENTS, *v.* C. J. JONES ET AL., APPELLANTS.

APPEAL — JURISDICTION — MOTION FOR NEW TRIAL. — The pendency of an appeal from a judgment does not affect the jurisdiction of the court below to hear and pass upon a motion for new trial.

ID. — DISMISSAL OF MOTION. — Where a notice of motion for a new trial is served and filed in due time, the trial court should hear the motion, and either grant or deny it; and the fact that the judgment had been appealed from at the time of the hearing of the motion does not warrant the court in dismissing the motion.

ID. — APPEAL FROM ORDER DISMISSING MOTION — DENIAL OF NEW TRIAL. — An appeal from an order dismissing a motion for new trial because of the pendency of an appeal from the judgment will be treated as being, in legal effect, an appeal from an order denying a new trial.

CONTRACTS — BREACH OF BOND TO DELIVER LAND-WARRANTS — MORTGAGED LAND CONVEYED IN EXCHANGE — MEASURE OF DAMAGES. — In an action to recover damages for the failure of the defendants to deliver land-warrants to the plaintiffs at the time and place specified in a bond of the defendants, conditioned for the due delivery of the warrants, the measure of damages is the market value of the warrants at the time specified for their delivery, with legal interest from that date, less the amount due upon the purchase price.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order dismissing a motion for a new trial.

The facts are stated in the opinion.

*W. H. H. Hart,* for Appellants.

*Wal. J. Tuska,* and *P. J. Morgan,* for Respondents.

FOOTE, C. — The complaint filed in this action is in this language: —

" Plaintiffs above named, complaining of defendants above named, for cause of complaint aver and allege that on, to wit, the eighth day of February, 1881, at, to wit, the city and county of San Francisco, state of California, the said defendants, for a valid and valuable consideration, made and executed their undertaking in writing, a copy whereof is hereto annexed and made a part of this complaint; that in and by the terms of said undertaking it is stipulated and expressed that defendant Jones (the principal in said undertaking) agrees to furnish to these plaintiffs certain Texas land-warrants for three thousand two hundred (3,200) acres of land, said warrants to be of the nature and character more particularly specified in said undertaking (and to be deposited by said defendant Jones on or before the first day of April, A. D. 1881, at the banking-house of John Bremon, in the city of Austin, in said state of Texas); that the condition therein specified, to wit, the deposit of said Texas land-warrants, has not been fulfilled and carried out by said defendant Jones, or by any of or either of said defendants, and said defendant Jones has wholly failed and neglected to comply with the said condition on or before said first day of April, 1881, or at any time, and still fails and neglects to comply with the same; that by reason of the neglect and refusal of said defendant Jones to comply with the condition of said undertaking, as aforesaid, there was and became due on,

to wit, the second day of April, A. D. 1881, to these plaintiffs from these defendants, under and by the terms of said undertaking, the sum of four thousand eight hundred dollars, which sum, or any part thereof, the said defendants then, and ever since then, have wholly failed and refused to pay, and still so fail, neglect, and refuse; wherefore plaintiff prays for judgment against said defendants in the sum of four thousand eight hundred dollars, and for their costs."

The bond mentioned therein is as follows: —

"Know all men by these presents, that we, C. J. Jones, and J. C. Fisk and J. C. Beatty as sureties, parties of the first part, are held and firmly bound unto William Rayner and Maggie Rayner, his wife, of the city of San Francisco, state of California, party of the second part, in the sum of four thousand eight hundred ($4,800) dollars, gold coin of the United States of America, to be paid to the executors, administrators, or assigns, for which payment well and truly to be made we bind ourselves, heirs, executors, administrators, firmly by these presents. Sealed with our seals, and dated the eighth day of February, A. D. one thousand eight hundred and eighty-one.

" The condition of the above obligation is such that whereas the party of the first part has sold to the party of the second part Texas land-warrants for three thousand two hundred (3,200) acres, and has received payment in full, except three hundred and fifteen ($315) dollars, which is secured by promissory note made and executed by William Rayner and Maggie Rayner, his wife;

" Now, the party of the first part agree to furnish Texas land-warrants for the above number of acres, said warrants to be of such a series that they can be located upon any of the unlocated public lands of the state of Texas; said warrants to be free from all liens, encumbrances, and transfer fees, and deposited with the bank-

ing-house of John Bremon, in the city of Austin, and
state of Texas, and to be held by him until the said note
of three hundred and fifteen ($315) dollars is paid; the
said warrants and note to be deposited by the party of
the first part on or before the first day of April, A. D.
1881, at said banking-house, and the said Rayner to have
any time thereafter, and before the first day of January,
A. D. 1882, to pay said note and secure the transfer of
said warrants.

"Now, if the said Jones shall well and truly deliver
said warrants on or before the first day of April, A. D.
1881, then the above obligation to be void, otherwise to
remain in full force and virtue."

A demurrer was interposed to the complaint, and
overruled; a motion for a nonsuit was made, and denied;
the cause was then tried, and resulted in a judgment for
the plaintiffs in the sum of thirteen hundred and fifty
dollars, and costs.

A notice of motion for a new trial was served and
filed in due season, and upon the hearing of the motion
the trial court dismissed it, upon the theory, evidently,
that as the judgment made and entered had been ap-
pealed from when the motion for a new trial came on for
hearing, the court below had lost jurisdiction to deter-
mine it.

This view of the matter is untenable, and the court
should have heard the motion, and either granted or de-
nied it, upon the bill of exceptions presented, which is a
part of the record here on the appeal from the order of
dismissal, the action of the court being, in legal effect,
a denial of the motion for a new trial. (Code Civ. Proc.,
sec. 946; *Naglee* v. *Spencer*, 60 Cal. 10; 1 Hayne on New
Trial and Appeal, p. 26, sec. 2; p. 494, sec. 166; *Carpen-
tier* v. *Williamson*, 25 Cal. 167, 168; *Chase* v. *Evoy*, 58
Cal. 352.)

The case, then, is to be considered here as on appeal
from the judgment and an order denying a new trial.

As against the demurrer as filed, we think the complaint suffi, ient, although a special demurrer to it as not properly alleging damages suffered might have been sustained.

After making certain findings of fact based upon evidence adduced on the t.ial, the court reached the conclusion of law that the plaintiffs should recover "the value of equity over and above the mortgage on the real estate in San Francisco conveyed by the plaintiffs to defendant Jones, which was $1,000; also the value of the San Diego lot, amounting to $350; making, in all, $1,350, with interest from commencement of the suit."

And the judgment of the court rendered thereupon went upon the idea that Jones and his sureties were responsible to the plaintiffs, by the terms of this bond, for the non-delivery of the warrants, to the extent of the difference between the value of certain real estate, not mentioned or referred to in the bond, sold and conveyed to defendant Jones, and the mortgage thereon made before that time in favor of other parties, which Jones had assumed to pay as a part of the purchase price.

This contract did not assume to fix the amount of damage in anticipation of a breach of the obligation of the instrument, as condemned by section 1670 of the Civil Code, nor does it appear from it or the evidence that it would be impracticable or extremely difficult to fix the actual damage, as allowed by section 1671 of the Civil Code.

The court below, as we think, improperly admitted evidence against the objection of the defendants, and made findings thereon upon the theory that the measure of damages recoverable for the failure to deliver the warrants at the time and place specified in the bond was the difference between the value of certain real property which the plaintiffs had sold and deeded to the defendant Jones (which was the origin of the execution of the bond), and the amount of a certain mortgage debt existing

as against a portion of the property conveyed; that is, the sum of $1,350.

It is found, upon sufficient proof, in the twelfth and thirteenth findings of fact, "that on the first day of April, A. D. 1881, and for several months thereafter, the market value of land-warrants specified in finding 7 has been $47.50 each, at Austin, Texas, and readily obtainable in and on the market at said city of Austin, Texas, at said price of $47.50 each, on said first day of April, A. D. 1881, and at any time for and during the several months thereafter, if they had seen fit so to do; that said warrants set out in finding No. 7 are of the same class and kind that the defendant Jones was to deliver to the plaintiffs, under the terms of said undertaking, and that they are and were free from all liens and encumbrances and transfer fees, and are and were of the character to be delivered by said Jones to said plaintiffs; that each warrant is locatable on 640 acres of land, on the conditions in said warrant specified."

It would appear, therefore, that the measure of damages recoverable in the action was the value of the warrants as specified in the twelfth finding, viz., $237.50, with legal interest on same from the time when they should have been deposited according to the terms of the bond, subject to a reduction of $315 for amount due on the note. As it appears that the trial court erroneously measured the damages by a different rule, to the manifest prejudice of the appellants, the judgment and order should be reversed, and the cause remanded for a new trial.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.