ALTUNA *v.* ORTIZ ET AL.

APPEAL from the District Court of Guayama.

No. 20.—Decided June 4, 1906.

NEW TRIAL—TIME WITHIN WHICH TO FILE MOTION AND AFFIDAVITS.—A motion for a new trial should be filed and the opposing party should be notified thereof within the ten days next following the date upon which judgment is rendered, and the affidavits upon which such motion is based should be filed within the ten days next following the date on which notice of the motion is served upon the opposing party.

ID.—Where the motion is based on the grounds set forth in subdivisions 1 and 2 of section 221 of the Code of Civil Procedure, it should be supported by affidavits, and not by the minutes of the court, or the record or judgment-roll in the suit.

IRREGULARITY IN THE PROCEEDINGS—SURPRISE IMPOSSIBLE TO GUARD AGAINST—
SETTING DOWN FOR TRIAL.—Cases should be set down for trial in open court,
and it is not necessary that any of the parties be notified thereof, inasmuch
as such notification is not comprised within the provisions of sections 317
and 323 of the Code of Civil Procedure, and therefore failure to serve such
notice cannot be set up as a ground for a motion for a new trial, in the
sense that it constitutes an irregularity in the proceedings or surprise im-
possible to guard against.

ID.—APPEAL FROM THE JUDGMENT.—An appeal taken from the final judgment does
not deprive the court of jurisdiction to hear and determine a motion for a
new trial.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Bernardini* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action prosecuted in the District Court of Guayama
by Amalia Altuna y Vega against Belén Ortiz, widow of Fer-
nández, and Belén Fernández Ortiz, for the recovery of a
sum of money, said court rendered judgment on November
25th of last year, which we transcribe herewith.

"This case was called for trial in its regular order on November
21, 1905, and the plaintiff, Amalia Altuna y Vega, appeared through
her counsel, Mr. Bernardini, the defendants, Belén Ortiz, widow of
Fernández, and Belén Fernández y Ortiz, having failed to appear.
The court, after having heard the complaint and the testimony of the
witnesses and having examined the documentary evidence presented
by the plaintiff, and having heard the argument of counsel, reserved
judgment. This 25th day of November, 1905, the court holds that
the law and the facts are in favor of the plaintiff, and therefore orders
that she recover from the defendants, Belén Ortiz, widow of Fer-
nández, and Belén Fernández y Ortiz, jointly and severally, the sum
of $1,514.66, together with interest from the date of the filing of the
complaint until full payment of the judgment, at the legal rate of 6
per cent per annum, with the costs taxed at ———, and that execu-
tion issue against their property for the satisfaction of this judgment.
Done, pronounced and published in open court, this 25th day of No-
vember, 1905.—Luis Muñoz Morales, judge of the district court. At-
test: Francisco Morales, secretary of the court.

"Entered this 25th day of November, 1905.—Morales, secretary."

On the 4th of December following counsel for the defendants filed in said court a motion for a new trial on the first and second grounds of section 221 of the Code of Civil Procedure; that is to say, on account of irregularity in the proceedings of the adverse party and accidents or surprise which ordinary prudence could not have guarded against, the irregularity consisting in that the petitioners were not notified or advised that the hearing of the case was set for November 21, and the surprise in that the plaintiff took advantage of said circumstance to conduct the proceedings as she saw fit in the absence of the defendants, who had no further notice of the holding of the trial than a subpœna served on them the day preceding to appear and testify as witnesses.

The motion states that the application for a new trial is based on an affidavit which the petitioners will present in due time, and upon the minutes and record of the court and the record and roll of the action, sections 317 and 323 of the Code of Civil Procedure being further invoked in support of the motion.

The following note appears at the foot of the motion:

"I received the copy of this motion. Guayama, December, 1905.— T. Bernardini de la Huerta, counsel for the plaintiff."

On the 17th of the said month of December counsel for the defendants filed a new petition in the court, reproducing his motion for a new trial and presenting an affidavit containing the facts on which he based his petition, which affidavit is dated the 5th of said month of December, without showing the date on which it was sworn to, although at the foot of the new motion appears a note to the effect that notice thereof had been served and a copy left with counsel for the plaintiff, T. Bernardini de la Huerta.

On the 25th of said month of December counsel for Belén Ortiz and Belén Fernández took an appeal from the judgment rendered on the 25th of the preceding month, and alleged that

this appeal was not an obstacle to the prosecution of the pro-
ceedings upon the motion for a new trial pending decision;
and seventeen days later—that is to say, on January 11 of
the current year—he asked that a date be set for the hearing
on the motion for a new trial; which hearing was had on the
19th of said month, the following decision being rendered:

"The 19th instant being set for a hearing upon the motion for a
new trial of this matter made by the defendants, the defendants ap-
peared through their counsel, Attorney Capó, and the petition of the
defendants having been heard, the plaintiff failing to appear, the
court reserved judgment.

"And on this 20th day of January the court holds that the irregu-
larity of proceedings, or breach of form, alleged, has not been com-
mitted; that this motion has not been made either within the time or
in the manner prescribed by the Code of Civil Procedure; that the
appeal taken has suspended the jurisdiction of this court and, conse-
quently, that the motion for a new trial is dismissed."

From this decision counsel for Belén Ortiz and Belén Fer-
nández took an appeal in which, after the written and oral
allegations of both parties, appellant and respondent, had
been heard, is now awaiting the decision of this Supreme
Court.

Let us now examine the grounds upon which the decision
appealed from is based.

The final judgment in the action was rendered and entered
on November 25, 1905, and the motion for a new trial is
dated the 4th of December following, said date being there-
fore comprised within the term of ten days established by
section 223 of the Code of Civil Procedure for the presenta-
tion of motions of this character; but as the exact day on
which counsel for the adverse party received a copy of said
motion is not stated, it appearing only that he received it in
December, 1905, we are unable to affirm that counsel for
Belén Ortiz and Belén Fernández informed the clerk of the
court of Guayama in writing and notified the adverse party
within the said term of ten days of his intention of moving

for a new trial. Said court says in its decision that the application was not made within the time prescribed by the Law of Civil Procedure, and we must abide by this affirmation so long as the appellant does not prove the contrary.

Assuming that the motion was presented to the clerk and notice thereof served on counsel for the adverse party on the date thereof—that is to say, on December 4, 1905—we would find that it was made in due time; but as the affidavit upon which the motion was based, although bearing the date of the 5th of December, was presented on the 17th of said month, it having been annexed to a writing of that date, it would appear then that the affidavit was not presented in time—that is to say, within the term of ten days following the date on which the motion for a new trial was made and served—as prescribed in subdivision 1 of said section 223 of the Code of Civil Procedure.

Furthermore, in the case at bar, the motion being based as it was on subdivisions 1 and 2 of section 221 of the Code of Civil Procedure, it had to be made by affidavit in accordance with the provisions of section 222, and could not be based besides upon the minutes of the court and the record and roll of the action, as stated by counsel for the petitioners.

As will have been observed from the foregoing, the motion for a new trial was not made in time, nor in the manner prescribed by the Code of Civil Procedure.

Nor do we observe any irregularity in the proceedings of the adverse party, nor any surprise which ordinary prudence could not have guarded against, because counsel for Belén Ortiz and Belén Fernández did not have to be notified of the setting of the day for the trial. Such setting was made in open court in accordance with rule 2 of the rules governing trials and the taking of evidence in district courts; and if the petitioners did not hear of said date it was their fault and not that of the adverse party, there having consequently been no surprise whatever in the holding of the trial.

Sections 317 and 323 of the Code of Civil Procedure are

not applicable to this case, because service of notice of the day set for the trial is not included in said sections.

We cannot agree with the lower court that the appeal taken from the final judgment suspended the jurisdiction of the court to decide the motion for a new trial. Said judgment was rendered and entered on November 25, 1905, and the motion for a new trial was made before the 25th of December, when an appeal was taken from said judgment. It is true that the motion was not discussed until January 19, when the appeal had already been taken; but this does not mean that the Guayama court did not have jurisdiction to hear and determine the motion, as section 297 of the Code of Civil Procedure will show.

In support of the above, the following cases may be consulted: *Nagle* v. *Spencer,* 60 Cal., 10; *Carpenter* v. *Wilson,* 25 Cal., 168; *Rayner* v. *Jones,* 90 Cal., 78.

For the reasons stated, the decision appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.