AGUAYO ET AL. *v.* GARCÍA.

APPEAL from the District Court of Ponce.

No. 12.—Decided June 30, 1906.

TRIAL—CONTINUANCE—EVIDENCE.—It is not error for a court to deny a motion for the continuance of a trial for the purpose of securing sufficient time to present other evidence which cannot be produced at the moment, where it appears that such evidence can have no influence upon the result of the suit.

ID.—DOCUMENTS PRESENTED TOGETHER WITH ANSWER TO COMPLAINT.—If within the ten days next following the rest of the answer to the complaint the plaintiff does not file with the secretary a sworn statement denying the authenticity of documents accompanying such answer, the authenticity and proper execution of such document must be admitted and the plaintiff cannot subsequently attack the authenticity thereof in any manner whatsoever.

ID.—REFUSAL TO ADMIT EVIDENCE—NEW TRIAL.—In the case at bar the plaintiff sought to prove that the defendant was not the legitimate daughter of García Villaraza, and for that purpose propounded questions to a witness in reference

to the moral character of García Villaraza, as to his living with the mother of defendant; as to how he lived together with her; and attempting also to discover whether or not he had any children born out of wedlock. *Held,* That those questions are pertinent for the purpose of throwing light upon the matter in litigation—that is to say, the legal filiation of the defendant—and that the court having erred in excluding the same, a new trial should be granted.

ID.—CERTIFICATES OF BAPTISM AND OF MARRIAGE—EVIDENCE OF FILIATION.—Certificates of baptism and of marriage are proof of the facts which they show and of the date of the same—that is to say, of the baptism and of the marriage upon the date stated—but such certificates are not proof of the truth of the statements therein made in regard to the filiation of the person baptized or married.

ID.—The only real proof of the legal filiation of a person in a judicial controversy is proof of the marriage of his parents adduced in such a way as to be admissible in law and in such a way as to leave no reasonable doubt in regard thereto.

ID.—The testimony of the interested party and of witnesses in regard to statements made to them by the father of such interested party does not constitute legal proof of filiation.

APPEAL—NEW TRIAL.—An appeal from a final judgment does not deprive the trial court of jurisdiction to hear and dispose of a motion for a new trial.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

*Mr. Boerman* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On December 9, 1904, Josefa Aguayo y Casals, in her own right and on behalf of her daughter, Gabriela García y Aguayo, filed a complaint in the District Court of Ponce against Rodolfo and Elvira García y Fernández, brother and sister, the former of age and unmarried, and the latter a minor and married to Enrique Bernard, alleging the following facts:

"1. That the plaintiff, Josefa Aguayo y Casals, is the widow of Juan García Villaraza, whom she had legally married, María Graciela, still a minor, having been born of this marriage.

"2. That both of them, in the capacities stated, are and have been judicially declared the intestate heirs of the said Juan García Villaraza, who died in Pará, a city of Brazil, in April, 1899, without leaving any testamentary disposition.

"3. That said decedent left upon his death, as his only known property, a masonry house, having an upper and a lower floor, built on a lot of its own, situated on Plaza de las Delicias, of this city,

marked No. 19, the value of which does not exceed seven or eight thousand dollars.

"4. That the said defendants, alleging themselves to be the legitimate children of the said Juan García Villaraza, which they are not, are seeking to participate in the estate with the plaintiffs, having expressed such intention to Josefa Aguayo y Casals (the plaintiff), and threatening to sue her in the Federal court if she did not settle with them for the sum of $500, in consideration of which they offered to waive their alleged hereditary right."

Upon these grounds, the plaintiffs prayed that after the proper legal formalities, judgment be rendered holding them to be the only heirs of Juan García Villaraza, as his widow and legitimate daughter, respectively, and that an order issue for the record in the registry of property in their name of the real property described, and that the defendants be expressly excluded from any participation in the estate referred to, and that the costs be taxed against them.

The defendants, in making answer to the complaint, prayed for its dismissal and that the costs of the action be taxed against the plaintiffs, alleging the following facts:

"First. That there is an action pending between the same parties involving the same cause in the United States Court in Porto Rico, and that the complaint in said court was filed one day before the filing of this complaint.

"Second. The defendants deny paragraphs 2, 3 and 4 of the complaint, and allege the following:

"Third. That both defendants are the legitimate children of the deceased, Juan García Villaraza, who died in Brazil, in 1899, apparently without leaving a will; that the property he left consisted of the house and lot described in the complaint and other property; that he left the plaintiff widow and the following children: The plaintiff, María Graciela García y Aguayo; the defendants, Rodolfo García and Elvira García de Bernard and Sara América García, who resides in Cuba; that the plaintiff took possession of the property described in the complaint and has collected the rents therefrom since the death of the father of the defendants, and has not rendered an accounting thereof nor distributed the estate among those entitled thereto—that is to say, the defendants, who are legitimate children of said decedent,

as shown by the documents, copies of which are made part of this answer and attached thereto.''

These documents consist of two certificates, one of them issued on February 23, 1901, by Gumersindo Rodríguez, the parish priest of the Church of Nuestra Señora de Guadalupe, of the city of Havana, containing a copy of record made and signed by Rev. Blás Rodríguez in the books of said church to the effect that on December 8, 1884, he had baptized Elvira Juana Manuela Joaquina Vicente, a child born on September 7, of said year 1884, the legitimate daughter of Dr. Joaquín García and Manuela Fernández, her paternal grandparents being Antonio García and María Villaraza, and her maternal grandparents, Manuel Fernández and Dominga Perdigón.

The other certificate was issued on October 18, 1902, by Rev. Emilio Fernández, the parish priest of the Church of Nuestra Señora de Monserrate, of Havana, and contains a record made upon the books of said church by Rev. Anacleto Redondo, to the effect that on January 4, 1886, he had baptized the child Rodolfo Manuel Abraham, who, he was told, had been born March 3, 1883, the legitimate son of Juan García Villaraza and Manuela Fernández, his paternal grandparents being Antonio and Dolores Villaraza, natives of Córdova, and his maternal grandparents, Manuel, a native of Riveras de Pravia de Asturias, and Dominga Perdigón, a native of Havana.

A day having been set for the trial, the defendant, Rodolfo García, at the beginning thereof, under the direction of the same counsel as Elvira, acquiesced in the complaint, abandoning his defense, and after the evidence of Elvira had been heard, counsel for the plaintiffs made a motion to the court to continue the action to the next calendar, on the sworn ground that he had sent to Havana for authentication a certificate issued by the bishop of the diocese to the effect that the marriage of Juan García Villaraza to Manuela Fernández was not recorded in any of the parishes of that city, and that

said document, duly authenticated, had not yet been returned to him, with which document he proposed to prove that the parents of Elvira were not married.

The court denied this motion, and the petitioner excepted to the ruling.

The evidence presented in the action at the instance of Elvira, consisted of the following:

1. A certificate of the baptism of Elvira, identical as to its contents to that attached to the complaint, and supplemented by the authentication of the Consulate General of the United States in Havana, which authentication, dated July 14, 1905, sets forth that Father Gumersindo Rodríguez has charge of the archives of the Church of Nuestra Señora de Guadalupe, in the city of Havana.

2. A certificate of the canonical marriage of Juan García Villaraza and Josefa Aguayo y Casals, celebrated in the city of Ponce on November 28, 1891, which certificate shows that Juan García Villaraza was the widower of Manuela Fernández.

3. The deposition of the defendant, Elvira García, to the effect that her father had represented her brother and herself as legitimate children, and that as such they had lived in the company of Josefa Aguayo until three years before.

4. The deposition of Esteban Vidal Ríos, to the effect that Juan García Villaraza had spoken to him of his children, including the defendant, Elvira.

The evidence introduced for the plaintiff consisted of the following:

1. The certificate of death of Juan García Villaraza, showing that he died in Pará, Brazil, on April 27, 1899.

2. The certificate of the death of Carmen Beltrán y Viera, showing that she died in Havana on May 19, 1883, while married to Juan García Villaraza.

3. A judicial order showing that the plaintiffs had been declared the intestate heirs of Juan García Villaraza, on December 6, 1904, as his wife and daughter.

4. The testimony of Pedro Somohano, to the effect that about the year 1865, he had personally known Juan García Villaraza, while single, and that he (the latter) had subsequently married there a middle-aged widow named Carmen Beltrán y Viera, having later come to Porto Rico, where he married Josefa Aguayo, and that he did not know Manuela Fernández.

5. The testimony of Luís Casals, to the effect that he had known Juan García Villaraza, who alleged that he was a widower and had two children, and had contracted marriage with Josefa Aguayo, after proceedings in the bishopric to establish his status (whether married or single), and to obtain the permission necessary for the purpose, in which proceedings the witness testified that Villaraza was a widower, according to the statements of other persons, because he had not known him previously and did not know whether he was single or married.

Counsel for the defendant Elvira objected to the testimony of Pedro Somohano in so far as it related to the marriage of Juan García Villaraza to Carmen Beltrán y Viera, believing that documentary evidence constituted the best proof on this point, and the court having sustained the objection upon the ground alleged, counsel for the plaintiff excepted to the ruling of the court, which also directed that the part relating to said marriage should be stricken out of the reporter's notes, as requested by the defendant.

Counsel for the plaintiff further put the following questions to Somohano:

"Was that Mr. García Villaraza considered a man of good morals? Did you see or do you know that Manuela Fernández lived in a certain manner with Villaraza? Do you know any children of Mr. García Villaraza born out of wedlock, or did he have any children born out of wedlock?"

The defendant objected to these questions, and the court having sustained the objections, counsel for the plaintiff took an exception.

. Counsel for the plaintiff also took an exception to the admission by the court of the certificate of marriage of Juan García Villaraza to Josefa Aguayo y Casals, presented by the defendant.

Upon the termination of the trial, the District Court of Ponce rendered the following judgment:

"*Judgment.*—Action No. 357. *Josefa Aguayo y Casals and María Graciela García y Aguayo,* represented by Attorney Padilla, v. *Elvira and Rodolfo García y Fernández,* represented by Attorney Boerman. *In re* the right to the intestate estate of Juan García Villaraza. At the ordinary term of the District Court of Ponce, P. R., the trial of this action having been held on the 21st and 22d of the current month of November, 1905, according to the calendar, the plaintiffs, Josefa Aguayo y Casals and María Graciela García y Aguayo, and the defendants, Elvira and Rodolfo García y Fernández, having appeared through their counsel, Julio María Padilla and Carlos M. Boerman, respectively; and the complaint and answer, the evidence presented by both parties, the motion of the defendant Rodolfo acquiescing in the complaint in so far as he was concerned, and the arguments in the case having been heard, the court at its public session of this 25th day of November, rendered the following judgment:

"*Whereas,* the defendant Elvira García Fernández, has proved by the certificate (duly authenticated), of her birth on September 7, 1884, in the city of Havana (Cuba), her legitimate filiation as born of the marriage of Dr. Juan García y Villaraza and Manuela Fernández Perdigón, this proof being corroborated by the certificate of marriage of said Juan García y Villaraza to the plaintiff, Josefa Aguayo y Casals, which states that the former was the widower of the said Manuela Fernández;

"*Whereas,* the certificate of death of Carmen Beltrán, the former wife of García Villaraza, which occurred on May 19, 1883, proves nothing against the legitimacy of the defendant, because although taking this document in relation with the copy of the record of birth of the other defendant, attached to the complaint, which occured on March 10, 1883, and whose parents were the same as those of Elvira, there existed adulterous relations between the latter, as there is no final judgment declaring such adultery there was no impediment preventing said persons from contracting marriage (articles 84 and 101, subdvision 1, of the Civil Code of 1889); and even though it has

existed the consequent annulment of such union could not effect the legitimacy of the daughter (article 69 of said Code);

"*Whereas*, the suspicion which might be aroused in the mind of the judge that the daughter was born of the same illegal union as her brother (a defendant with her at the beginning of the action, continuing so until the trial, when he acquiesced in the complaint) must be dissipated before the probatory value of two documents, the authenticity of which has not been questioned.

"*Therefore*, the court holds that the law and the facts are in favor of the defendant, Elvira García y Fernández, and, consequently, that it should dismiss, and does dismiss the complaint in so far as she is concerned. and that it should sustain as it does sustain said complaint with regard to the other defendant, Rodolfo Fernández, owing to his acquiescence therein, and who is excluded from any right in the estate of Dr. Juan García Villaraza, with the costs against the plaintiff, amounting to ———.

"Judgment rendered in Ponce, P. R., November 25, 1905, and entered the same day, month and year.—Attest: P. J. Massenet, deputy secretary, for Genero Vidal, secretary.  Correct: J. Tous Soto, district judge."

On the 5th of December following counsel for the plaintiffs filed a motion for a new trial, alleging in support thereof:

"1. Accident or surprise, which ordinary prudence could not have guarded against, in the admission of the evidence of the adverse party consisting of the certificate of baptism of Elvira, the authentication of said document not being sufficient.

"2. Insufficiency of the evidence presented at the trial by the defendant to warrant the judgment; that the latter is contrary to law; and in addition that the plaintiff was not permitted to introduce the material evidence she proposed.

"3. The commission of the errors in law at the trial, to which she had excepted."

The surprise alleged as the first ground, according to an affidavit, consisted in that counsel for the defendant had produced as evidence at the trial, without having first given a copy thereof to the plaintiff, a certificate of the baptism of Elvira, identical as to contents to another which he had attached to the answer to the complaint, but supplemented by

the authentication thereof written in English and not translated into Spanish, and which counsel for the plaintiff did not understand perfectly, as he had not an exact knowledge of the English language, for which reason, besides the hurry of the debates, he had been unable to give sufficient attention to the fact that the priest issuing the certificate, at the time of the authentication, did not have charge of the parish archives—that is to say, the custody of the original document—as asserted by the consul certifying thereto, an error which in order to be noted required a comparison of the date of the authentication and that of the document authenticated with the date of the certificate of baptism of the defendant Rodolfo, which counsel could not reasonably think of at the trial, owing to the abandonment by said Roberto (Rodolfo?) of his defense and the consequent forgetfulness of anything relating to him. The proper bill of exceptions, accepted by both parties and approved by the judge on December 13, was filed in support of the other grounds of the motion.

Before the motion for a new trial had been decided, the plaintiff appealed on the 7th of said month of December from the judgment entered the preceding 25th of November; and upon said motion being subsequently denied on the 23d of said month of December, the plaintiff took a further appeal from this decision. The record was transmitted to this Supreme Court, with the proper bill of exceptions, for the decision of both appeals. Both parties have made written and oral arguments in support of their respective contentions.

Let us now examine the grounds upon which the plaintiff bases his prayer for the reversal of the order appealed from denying a new trial.

1. The court did not abuse its discretional power in denying the continuance of the trial as requested by the plaintiff, until he obtained from the city of Havana the authentication of the document with which he proposed to prove that Juan García Villaraza had not contracted marriage in that diocese, nor did such decision affect the material rights of said party,

as counsel for the defendant did not allege nor attempt to prove that García Villaraza had contracted marriage in said diocese with Manuela Fernández; therefore, said authenticated document had no bearing on the result of the action, in view of the fact that García Villaraza might have contracted marriage with Fernández, if not in Cuba, in some other country.

2. The certificate of the baptism of Elvira was attached to the answer to the complaint, and as the plaintiff did not present within ten days after having received a copy of the answer a written and sworn statement denying the authenticity of said document, the latter must be considered to have been admitted in accordance with the provisions of section 120 of the Law of Civil Procedure, the authentication by the consulate of the United States in Havana not being necessary to make it authentic, wherefore any mistake or error in the authentication of said certificate is unimportant, as the adverse party had, by operation of law, acknowledged its genuineness. Nor can said party complain that she was surprised by counsel for Elvira upon his presentation of the certificate of authentication in English, because if she was not acquainted with said language, ordinary prudence would have advised the employment of a translator to explain it.

3. The Ponce court, in ruling out the testimony of Pedro Somohano as to that part which referred to the marriage of Juan García Villaraza to Carmen Beltrán, and in rejecting as irrelevant the questions put by counsel for the plaintiff as to whether García Villaraza was considered a man of good morals, whether he had seen Manuela Fernández living in some manner with García Villaraza, and whether the latter had children born out of wedlock, had rejected relevant evidence, as the plaintiff was seeking to prove that the defendant did not have the legitimate filiation alleged by her, and said questions might have led to the end sought, wherefore, the judge erred in rejecting them. It was not sought to prove the contents of the document establishing the marriage between García Villaraza and Carmen Beltrán, and, consequently, section

24 of the act relating to evidence was not applicable. The moral character of García Villaraza, his common life with Manuela Fernández, the reason for such common life, and the investigation as to whether he had any children born out of wedlock, with the explanations which Somohano might have given in answer to the questions and cross-examination of the parties, might have contributed to the elucidation of the question at issue as to the filiation of Elvira.

4. The evidence taken at the trial is insufficient to justify the judgment rendered.

We have already observed the result of this evidence which, in so far as it is favorable to Elvira, can be derived only from her certificate of baptism, in which it is alleged that she is the legitimate daughter of Juan García Villaraza and Manuela Fernández, from the certificate of the marriage of Josefa Aguayo to García Villaraza, who alleges himself to be the widower of Manuela Fernández, and from the testimony of Elvira herself and of Esteban Vidal Ríos, which evidence was presented by the defendant herself.

The certificates of the baptism of Elvira and of the marriage of Juan García Villaraza to Josefa Aguayo, as all the documents in general, certify to the act which led to their execution, namely, the administration of the baptism and the celebration of the marriage on the dates stated; but they do not certify to the truth of the statements contained in them with respect to the filiation or civil status of the person baptized or married. Such is the legal doctrine found in the decisions of the Supreme Court of Spain of June 28, 1864, March 18, 1873, June 24, 1897, and July 13, 1899, which doctrine conforms to the provisions of section 1186 of the Civil Code in force. The real proof of the legitimate filiation of Elvira in a case like this, in which such filiation has been submitted to judicial decision, must be the proof of the marriage of her parents in a form admissible in law, and in terms which may leave no reasonable doubt thereof. The deposition of Elvira and

the testimoy of Esteban Vidal Ríos, as to statements made to them by Villaraza, do not legally prove her legitimate filiation.

Counsel for the respondent has alleged in his brief and also in his argument in this Supreme Court that the motion for a new trial was presented in the District Court of Ponce after the appeal from the judgment had been entered; in this a manifest error has been committed, because said judgment was rendered and entered on November 25 of last year, and the motion for a new trial was made on the 5th of December following, and while the decision thereon was still pending, the appeal was taken from the judgment on the 7th of said month of December. We have already held in our opinion of the 4th instant on the appeal in the case of *Amalia Altuna y Vega* v. *Belén Ortiz y Belén Fernández,* the following, which is applicable to this case:

"We cannot agree with the lower court that the appeal taken from the final judgment suspended the jurisdiction of the court to decide the motion for a new trial. Said judgment was rendered and entered on November 25, 1905, and the motion for a new trial was made before the 25th of December, when an appeal was taken from said judgment. It is true that the motion was not discussed until January 19, when the appeal had already been taken; but this does not mean that the Guayama court did not have jurisdiction to hear and determine the motion, as section 297 of the Code of Civil Procedure will show. In support of the above, the following cases may be consulted: *Nagle* v. *Spencer,* 60 Cal., 10; *Carpenter* v. *Wilson,* 25 Cal., 168; *Rayner* v. *Jones,* 90 Cal., 78."

For the reasons stated, we hold that the judge erred in rejecting evidence which he should have admitted and that the evidence adduced is insufficient to justify the judgment rendered, and, consequently, that the order denying a new trial should be set aside, and that said judgment should accordingly be reversed with the costs of the action and of the appeal against the defendant and respondent.

*Decided accordingly.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.

CONCURRENT OPINION DELIVERED BY MR. JUSTICE WOLF.

I concur in the judgment in this case, but I am not in accord with that part of the opinion of the court which discusses the action of the court below in refusing to admit the testimony of Don Pedro Somohano with respect to the good habits of Don Juan García Villaraza and whether Doña Manuela Fernández lived with him, and whether he had children born out of wedlock. None of these questions in the form in which they were proposed had any apparent relevancy to the fact of the legitimacy of Doña Elvira. The fact of illegitimate children would not show that any particular child was illegitimate, nor in my opinion would the manner of Don Juan's life with Doña Manuela disprove the marriage. The court below might have had some discretion in admitting such questions if it thought they might lead up to some relevant matter, but the burden is on the propounder of a question to show the relevancy of the evidence which he is offering, and without such showing the court did not commit error in rejecting the testimony.