ARSENIO MARTÍNEZ, Plaintiff and Appellant, v. INDEPENDENCE
INDEMNITY COMPANY, Defendant and Appellee.

No. 4033.   Argued March 30, 1927.—Decided May 31, 1927.

*José Sabater* for the appellant.   *J. H. Brown* and *Clemente Ruiz
Nazario* for the appellee.

No. 4140.   Argued March 30, 1927.—Decided May 31, 1927.

776

J. H. *Brown* and *Clemente Ruiz Nazario* for the appellant. *José Sabater* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The District Court of Mayagüez rendered judgment in this case dismissing the complaint on a motion for nonsuit by the defendant on the ground that the evidence introduced by the plaintiff at the trial had not been sufficient to support a judgment against the defendant.

The same day on which the plaintiff appealed from that judgment he filed a motion in the trial court praying to be relieved from that judgment and that the court continue the case or grant a new trial, under section 140 of the Code of Civil Procedure, because it had been brought about through excusable surprise on the part of the plaintiff. The court heard both parties on that action, which was opposed by the defendant, and rendered a decision setting aside the judgment on the ground of misinterpretation on the part of the plaintiff and of the court itself as regards the evidence introduced by the plaintiff and the defects thereof, and because he had had no opportunity to present all of his evidence and to show all the facts of the case, and in consequence thereof the court granted a new trial and accepted an amended complaint which was filed with the motion.

This appeal has been brought by the defendant from the said ruling and the first error assigned is that as an appeal had been taken from the judgment, the trial court had no jurisdiction to set it aside, and in support thereof the defendant cites several California cases and section 297 of the Code of Civil Procedure.

Section 297 provides that whenever an appeal is perfected it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from; but as that law grants the right to appeal from judgments and also the right to move for a new trial, it has been decided by the courts that an appeal brought from a final judgment does not deprive the court of jurisdiction to hear and decide a motion for a new trial. See the cases of *Altuna* v. *Ortiz, Horton* v. *Robert* and *Aguayo* v. *Garcia,* 11 P.R.R. 24, 168 and 263, respectively, where citation was made in support of that conclusion of the cases of *Neagle* v. *Spencer,* 60 Cal. 10; *Carpenter* v. *Wilson,* 25 Cal. 168, and *Rayner* v. *Jones,* 90 Cal. 78.

Likewise section 140 of the Code of Civil Procedure authorizes the district courts to relieve a party, or his legal representatives, from a judgment rendered against him through his mistake, inadvertence, surprise or excusable neglect upon application made within a reasonable time not exceeding six months after the adjournment of the term. As both the said section 140 and the granting of a new trial have as their object the shortening of litigation and the expedition of justice, we have considered both remedies as similar because they aim, on different grounds, at the same result, namely, the setting aside of the judgment. In the case of *Díaz* v. *Cuevas Zequeira,* 27 P.R.R. 122, where use was made of the remedy granted by section 140 after the appeal had been brought, it was held that the appeal did not deprive the court of jurisdiction to decide the motion to set aside the judgment. Really, we consider that the parties are benefited rather than prejudiced by deciding a motion to set aside a judgment even though it has been appealed from, because if the motion is well supported by section 140 it is preferable to have it so determined at once and not after the lapse of time and expenses from the parties, which

would be rendered useless. Some of the cases cited by the appellant had been considered in the case of *Díaz* v. *Cuevas Zequeira, supra,* where we said that they were not applicable, and others support the contention of the appellant; but we prefer to follow the doctrine stated in the case of *Díaz* v. *Cuevas Zequeira* because in our opinion it is just and equitable.

In the other ground of the appeal it is alleged that even admitting that the court below had jurisdiction to decide the motion of the plaintiff, it would result that the court had exceeded and abused the discretional powers granted it in section 141.

To show the said error the appellant uses as grounds the complaint, the answer and the evidence introduced by the appellee at the trial. The court below based its decision, from which this appeal is taken, on that evidence and on the effects thereof. As such particulars do not appear from the transcript sent up to us, that would constitute sufficient reason for not reversing the decision appealed from. However, we prefer to base our decision on the contents of the sworn motion filed by the appellee to have the judgment set aside, and on the written opposition of the appellant.

It appears from these motions that the appellee had insured his automobile with the appellant against any damages that might be caused to the car; that the car met with an accident; that the appellee claimed from the appellant the value of the car on the day of the accident, alleging that it had been totally destroyed, and the appellant answered that the car was being repaired and that it would be delivered in the same or better condition.

At the opening of the trial the appellee told the court that if the insurance company would completely repair the automobile he would be bound to receive it, but otherwise the company should pay the value thereof. He introduced his evidence and thereupon the defendant moved for a dismissal of the complaint because it had not been shown

that the automobile had been totally destroyed. We have already said that on this motion the court had given judgment against the plaintiff and later set it aside.

It appears from the foregoing that the appellee was under the impression at the trial that, the appellant having alleged in its answer that the automobile was being repaired, the question was narrowed down to a determination from the evidence of the defendant of whether the automobile had been completely repaired, as was required in the case of *Molina* v. *Porto Rican Lloyd's*, 31 P.R.R. 120, for the owner to be bound to receive it, because otherwise the company would have to pay its value, a theory which was not that of his complaint based on the total destruction thereof. Indeed, the appellee should have amended his complaint before the trial in order to allege, as he did later, the damage suffered by his automobile and that it had not been completely repaired, being thus entitled to claim its value. He did not do so, hoping, perhaps, that the company would try to show a complete repair and would not avail itself of the technicality of failure to show its total destruction. From the foregoing circumstances we are of the opinion that the trial court did not err in finding that there had been excusable surprise on the part of the appellee, and we shall not reverse the decision appealed from, the more so since justice requires in this case the company to pay the value of the automobile or show that it has repaired it completely.

The appellant also alleges that the amended complaint, which was filed together with the motion to set aside the judgment should have been dismissed because the action brought thereby is not germane to that set up by the original complaint. Now the value of the automobile is claimed, alleging that the damage caused it has not been completely repaired, and it appears from the original complaint that the value of the automobile in question was also claimed by reason of its total destruction. Therefore, the cause of action has not been changed, since either of the complaints

would have entitled the appellee to recover the value of the automobile.

The decision appealed from must be affirmed.