SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICFNCIA DE PUERTO RICO, Plaintiff and Appellee, *v.* LUIS MIRANDA CABRERA, Defendant and Appellant.

No. 9779.  Argued May 6, 1948.—Decided May 25, 1948.

*R. Arjona Siaca* and *A. Figueroa Rivera* for appellant.  *Luis E. Dubón* and *Otero Suro & Otero Suro,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

In a suit for injunction, civil case No. 1329, the District Court of San Juan, on October 17, 1946, rendered judgment granting the petition for injunction filed by Sociedad Española de Auxilio Mutuo y Beneficencia de Puerto Rico. In said judgment the defendant was ordered to refrain from continuing, by himself or through his employees or workmen, the construction of the building which said defendant was erecting on a lot owned by the plaintiff in Hato Rey, Río Piedras,

and to proceed to the destruction of the portion thereof which he had already built. Feeling aggrieved by that judgment, the defendant on November 4, 1946, appealed to this Court. On motion of the defendant-appellant, the lower court ordered the preparation of the transcript of the evidence. On that same date the defendant-appellant notified the stenographer and paid him the amount of his fees.

On April 15, 1947, the stenographer filed in the lower court an imperfect and deficient transcript, and stated in his certificate that the transcript did not cover the stenographic notes contained in notebook No. 19 because said notebook had been mislaid; whereupon the defendant-appellant, alleging that without a complete transcript he would be unable to establish his right in the Supreme Court, and that it would be practically impossible to reconstruct the testimony contained in the misplaced notebook, requested the lower court to order an investigation and to take the necessary steps so that the notebook might be located, transcribed, and included in the transcript. The investigation was ordered and carried out by the district attorney with the result that it was impossible to locate the misplaced notebook.

On September 18, 1947, the defendant filed in the lower court a motion for a new trial. The plaintiff objected and urged that the lower court lacked jurisdiction to set aside its judgment and to order a new trial, since said jurisdiction had been lost by virtue of the appeal taken by the defendant. The motion was heard and finally submitted to the lower court on March 29, 1948, without the same having been decided up to the present time.

On April 19, 1948, the defendant-appellant filed in this Court a motion in which, after alleging the facts above set forth, he prayed that the judgment appealed from be set aside and a new trial ordered. Said motion was denied by an order of April 30, 1948.

The defendant-appellant in a motion filed on the 14th instant, which was notified to the plaintiff-appellee, has

requested a reconsideration of the order denying a new trial. The prayer of said motion, as amended by a document dated the 11th instant and notified to the appellee, reads as follows:

"PRAYER: That it may reconsider its order denying a new trial and consider anew the petition, not as a motion for a new trial, but as a request for this court to take such proceedings as it may deem adequate to doing justice to the defendant-appellant in the situation referred to in his motion, either by re-investing the lower court with jurisdiction to pass upon the incident involved, in such manner as justice may require, or by taking any other action in accord with the situation evidenced by the allegations submitted to this Honorable. Court."

After carefully considering the facts stated above, we have reached the conclusion that our intervention at this stage of the proceeding would not be justified and would, indeed, be premature.

■■ The motion for a new trial, filed by the defendant-appellant, is still pending determination by the District Court of San Juan. The appellant has resorted to us under the erroneous impression that the lower court has been deprived of jurisdiction to grant a new trial, from the moment the defendant filed his notice of appeal. Let us examine the decisions.

In *Altuna* v. *Ortiz,* 11 P.R.R. 24, 29, and in *Aguayo et al.* v. *García,* 11 P.R.R. 263, 274, applying the doctrine laid down by the Supreme Court of California in *Naglee* v. *Spencer,* 60 Cal. 10; *Carpentier* v. *Williamson,* 25 Cal. 154, 168, and *Rayner* v. *Jones,* 90 Cal. 78, this Court held that an appeal taken from a final judgment does not deprive the trial court of jurisdiction to determine a motion for a new trial. Said doctrine has been ratified in *Martínez* v. *Independence Indemnity Co.,* 36 P.R.R. 775 and *Molina* v. *Rodríguez,* 63 P.R.R. 458.

However, it may happen that, even though the lower court has jurisdiction to entertain and decide the motion for a new trial, as we have already decided, it may lack power to grant

the new trial requested if the motion has not been filed within the period fixed by § 223 of the Code of Civil Procedure.

Since the situation presented to us by this case is similar to that contemplated by Rule 10(f) of the Rules of this Court in connection with § 299 of the Code of Civil Procedure, as amended by Act No. 111 of May 5, 1939, we call the attention of the appellant to those legal provisions, in which he may find the remedy for the difficult situation in which the circumstances have placed him.

The motion for reconsideration will be denied.

Mr. Justice De Jesús did not participate herein.